### IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RONALD T. BORELLO,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   CASE NO.   02-CV-051-JPG |
| | ) |
| **RICHARD ALLISON, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

### REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is defendants' motion for summary judgment (Doc. No. 24). Plaintiff filed this action for damages pursuant to 42 U.S.C. § 1983, challenging the constitutionality of the conditions of his confinement at Menard Correctional Center. He alleges that the defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by responding to his concerns regarding his cell mate with deliberate indifference. The defendants deny plaintiff's claims and assert qualified immunity as an affirmative defense.

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). To determine whether there is a genuine issue of material fact, courts construe all facts in the light most favorable to the non-moving party and draw all reasonable and justifiable inferences in favor of that party. *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 255 (1986).

The material facts, construed in plaintiff's favor, are as follows. At all relevant times, plaintiff was assigned to share a cell with inmate Roberto Abadia. In early January, 2001, inmate Michael E. Woodrome spoke with defendant Inman, a correctional captain, on several occasions. During these conversations, inmate Woodrome raised concerns regarding the decision to assign plaintiff and Roberto Abadia to the same cell. Defendant Allison, a case work specialist, was present during one of these conversations. At about the same time, plaintiff spoke to defendant Gales, a healthcare worker. Plaintiff told Gales that he should be assigned to a different cell, describing Abadia as "nuts." She reported plaintiff's concerns to defendants Allison and Inman, who advised Gales that they were aware of the situation. Allison and Inman made statements leading Gales to believe that plaintiff had declined an offer to be move to a different cell. Gales had no authority to assign plaintiff to a different cell.

On January 11, 2001, inmate Abadia started behaving in a particularly strange manner. He seemed confused, paced the cell, placed his arms on the wall, and repeatedly struck his head against his arms.

On January 12, 2001, Abadio tried to strike plaintiff with his fist. Plaintiff stopped the blow before it landed and Abadia calmed down.

On January 16, 2001, Abadia woke plaintiff and said he was "going home." Plaintiff became concerned about the risk that Abadia would harm himself. Officer Leifer observed Abadia's behavior and asked him to explain his conduct. Abadia said he was packing to go home and plaintiff urged Leifer to call someone to the cell to help Abadia. Leifer contacted defendant Gales and asked her to take Abadia to see a psychiatrist. Defendant Gales came to the cell and asked Abadia what he was doing. Abadia said he was leaving and told Gales that his family was waiting for him in the parking lot. Plaintiff told Gales that Abadia had recently tried to strike him. When Gales learned that Abadia had a considerable amount of time left on his prison sentence, she decided that he

needed to talk with someone else.  She called Dr. Vallabhaneni, a psychiatrist, described Abadia's behavior, and arranged for Abadia to leave the cell and visit Dr. Vallabhaneni.  Defendant Leifer removed Abadia from the cell and took him to a different part of the prison.  A short time later, Abadia returned to the cell.  While Abadia was on the exercise yard, defendants Inman and Allison met with plaintiff, who asked them to move him to a different cell.  Inman and Allison told plaintiff they would not move him; however, they questioned Abadia after he returned from the exercise yard.   On January 23, 2001, plaintiff was involved in an altercation with inmate Abadia.  Abadia struck plaintiff in the head with a radio, causing serious injury to plaintiff's left eye.[1]

### I.      Deliberate Indifference.

A prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety.  *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).  While plaintiff does not need to prove that the defendants intended to cause harm, he must demonstrate that they actually knew of a substantial risk that Abadia would cause serious harm.  *Haley v. Gross*, 86 F.3d 630, 641 (7th Cir.1996).  This fact may be proved with circumstantial evidence.  *Farmer*, 511 U.S. at 842.  However, negligent conduct does not violate the Constitution.  Hence, prison officials who actually know about a substantial risk to inmate health or safety are not liable if they respond reasonably to the risk, even if harm is not averted.  *Farmer*, 511 U.S. at 847; *Soto v. Johansen*, 137 F.3d 980, 981 (7th Cir. 1998).

Viewed in plaintiff's favor, the evidence might support an inference that defendant Gales actually know that plaintiff faced some risk of physical harm from inmate Abadia on January 16, 2001.  At that time, she knew Abadia had made a recent effort to strike plaintiff with his fist, that

---

[1] Plaintiff's brief refers to page 12 of defendant Liefer's deposition.  This portion of testimony has not been considered because the Exhibit on file begins at page 5 and ends at page 8.

Abadia was behaving in an irrational manner, and that plaintiff had previously expressed concerns regarding his housing assignment. However, Gales took reasonable steps in response to the possible risk of harm. She informed cell house officials that plaintiff had concerns regarding his placement and later arranged for Abadia to be removed from the cell and sent to a different part of the prison to meet with a psychiatrist. Because no facts suggest that Gales knew that these efforts were insufficient to reduce the known risk of harm, her conduct does not amount to deliberate indifference. Moreover, her conduct did not cause the injury on January 23, 2001.

The evidence could not reasonably support an inference that defendants Allison, Inman or Liefer actually knew that plaintiff faced a significant risk of serious harm from inmate Abadia. While these defendants knew Abadia was exhibiting odd behavior and that plaintiff had concerns regarding his housing assignment, the facts do not reasonably permit an inference that they actually knew of a substantial risk that Abadia would physically assault plaintiff and cause serious injury. Their failure to anticipate and prevent the assault might qualify as negligence; it does not amount to deliberate indifference.

## II.     Conclusion.

The evidence, viewed in plaintiff's favor, does not show that the defendants knew of and disregarded a substantial risk of harm. The failure to prevent the harm inflicted by inmate Abadia on January 23, 2001, does not violate the Eighth Amendment.

IT IS RECOMMENDED that defendants' motion for summary judgment (Doc. No. 24) be GRANTED. Judgment should enter against plaintiff and in favor of the defendants.

SUBMITTED:    June 30, 2005   .

s/Philip M. Frazier
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**