IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| RONALD BORELLO, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Case No. 02-cv-51-JPG |
| | ) |
| RICHARD ALLISON, LISA GALES, | ) |
| JOHN LIEFER, and JOHN INMAN, | ) |
| | ) |
|    Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge**

This matter is before the Court on Borello's motion objecting to the payment of funds to his attorney (Doc. 63), motion for appointment of an attorney (Doc. 64) and motion for reconsideration (Doc. 65). For the following reasons these motions will be **DENIED**.

## ANALYSIS

### I.   Motion for Reconsideration

On June 14, 2006, this Court entered summary judgment against Borello and in favor of the defendants after the Seventh Circuit Court of Appeals's ordered it to do so. Nevertheless, Borello believes he is entitled to relief from the judgment because the attorney the Court appointed to represent him in this action was ineffective. Borello cites to no legal authority in his motions.

Borello filed his motion for reconsideration more than 10 days after the Court entered judgment against him, so the Court must construe it as one made pursuant to Federal Rule of Civil Procedure 60(b). *United States v. Deutsch*, 981 F.2d 299, 300-01 (7th Cir. 1992). The only section of that Rule that arguably applies is the "catch-all" provision. Fed.R.Civ.P. 60(b)(6). A court

should grant a motion under this provision only under "extraordinary circumstances." *Liljeberg v. Health Servs. Acquisition Corp.*, 486 U.S. 847, 864 (1988).

As a civil litigant, Borello enjoys no constitutional or statutory right to counsel, or to effective counsel. *Stroe v. Immigration & Naturalization Servs.*, 256 F.3d 498, 500 (7th Cir. 2001); *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997); *see also Murray v. Giarratano*, 492 U.S. 1 (1989). This principle strongly counsels against the granting of Borello's motion. Furthermore, the Court believes the better view, though not the unanimous one, is that ineffective assistance of counsel is not an extraordinary circumstance sufficient to justify relief under 60(b)(6). *Dickerson v. Bd. of Educ.*, 32 F.3d 1114, 1118 (7th Cir. 1994); 12 JAMES WILLIAM MOORE ET. AL., MOORE'S FEDERAL PRACTICE ¶60.48[4][b] (arguing that the view taken by the Ninth Circuit in *Comm. Dental Servs. v. Tani*, 282 F.3d 1164, 1168 (9th Cir. 2002) is both illogical and inconsistent with the Supreme Court's holding in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 396 (1993); *see also Pioneer Inv. Servs. Co.*, 507 U.S. at 396 (finding that "clients must be held accountable for the acts and omissions of their attorneys"); *Klapprott v. United States*, 335 U.S. 601, 614-16 (1949). *But see Tani*, 282 F.3d at 1168 (holding that an attorney's "gross negligence" can amount to an extraordinary circumstance justifying relief under Rule 60(b)(6)); *Robb v. Norfolk & Western Ry. Co.*, 122 F.3d 354, 355-56 (7th Cir. 1997) (retreating from the Court's categorical statement in *Dickerson* for purposes of 60(b)(1)). In any event, counsel's conduct does not amount to the sort of gross negligence contemplated in *Tani*.

### II.    Borello's other Motions

The Court has declined to vacate its judgment and this case remains closed. Therefore, the Court will not appoint another attorney to represent Borello in this matter. Furthermore, Borello has

presented no just reason for denying the payment of fees to his attorney.  If Borello believes counsel failed him in some way and that his claims were indeed meritorious, he should pursue the matter in a separate action for malpractice.

## CONCLUSION

Borello's motion objecting to the payment of funds to his attorney (Doc. 63), motion for appointment of an attorney (Doc. 64) and motion for reconsideration (Doc. 65) are **DENIED.**

**IT IS SO ORDERED**

**Dated: August 2, 2006.**

                                           s/ J. Phil Gilbert
                                           **J. PHIL GILBERT**
                                           **U.S. District Judge**